UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MYA HILL-SMITH, *individually and*
*on behalf of all others similarly situated*                                    PLAINTIFF

v.                              No. 5:18-CV-5145

SILVER DOLLAR CABARET, INC.; PLATINUM
CABARET, LLC; ANTHONY F. CATROPPA; and
ANTHONY K. CATROPPA                                                           DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion (Doc. 16) to compel arbitration and dismiss. Defendants also filed a brief (Doc. 16-1) in support. Plaintiff filed a response (Doc. 17) in opposition. Defendants' motion requests that the Court compel arbitration as dictated by the terms of Mya Hill-Smith's lease and independent contractor agreements ("agreements") with Silver Dollar Cabaret, Inc. and Platinum Cabaret, LLC. For the following reasons, Defendants' motion to compel arbitration and dismiss will be granted.

**I.    Background**

Mya Hill-Smith filed the instant action on July 19, 2018 claiming the Defendants violated the minimum wage and overtime requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. (Doc. 1, p. 1, ¶ 1). Ms. Smith was hired by Silver Dollar Cabaret and Platinum Cabaret as an exotic dancer on October 2, 2017. (Doc. 14-2, p. 13; Doc. 14-2, p. 37). Ms. Smith executed separate but substantially similar agreements with each company on October 2, 2017. (Doc. 14-2, p. 13; Doc. 14-2, p. 37). The term of the agreements was a period of one year, with automatic renewal unless one of the parties terminated the agreements. (Doc. 14-2,

p. 15; Doc. 14-2, p. 39). The agreements contained an arbitration provision at Section 17. Section 17, paragraph A states:

> Except as otherwise provided in this Lease, Entertainer and [the company] consent to the resolution of all claims or controversies between Entertainer and [the company], by binding arbitration, for which a federal or state court or other dispute-resolving body otherwise would be authorized to grant relief, whether arising out of, relating to, or associated with Entertainer's relationship with [the company], whether sounding in contract, statute, tort, fraud, misrepresentation, or any other legal theory that Entertainer may have against [the company] or that may have against the Entertainer ("a Dispute").

The arbitration provision explicitly includes Fair Labor Standards Act and Arkansas Minimum Wage Act claims as claims intended to be covered by the arbitration provision. (Doc. 14-2, § 17, ¶ B). Additionally, the arbitration provision makes clear that "arbitration is the Parties' exclusive legal remedy." (Doc. 14-2, § 17, ¶ C). The arbitration provision also prohibits the parties from arbitrating claims "subject to this lease as or on behalf of, a class." (Doc. 14-2, § 17, ¶ D). The provision affirms that "the Parties understand that they are waiving any right to participate in as a member or representative of a class action for any claims or controversies arising from, or subject to this Lease." (*Id.*). Defendants argue that the arbitration provision requires this Court to compel arbitration and dismiss this case. Plaintiff argues that the arbitration provision is unconscionable and therefore unenforceable because it imposes a statute of limitations period inconsistent with the limitations period articulated in the FLSA.

**II.    Analysis**

Defendants' motion to compel arbitration is reviewed under the summary judgment standard. *See Nebraska Machinery Co. v. Cargotec Solutions*, 762 F.3d 737, 741-42 (8th Cir. 2014). The Court views the evidence and resolves all factual disputes in the nonmoving party's favor. *Id.* In determining whether Plaintiff's claims fall within the terms of the arbitration provision, the Court should not rule on the potential merits of the underlying claims. *AT&T Techs.*

*v. Commc'ns Workers*, 475 U.S. 643, 649 (1986). The Court should determine first whether there is a valid arbitration agreement and second, whether the claims fall within the terms of the arbitration provision. *Robinson v. EOR-ARK LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016). Arbitration agreements are valid and enforceable unless they are invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability . . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). An arbitration agreement is not considered unconscionable simply because its remedial limitations appear facially inconsistent with the FLSA statutory claims. *Bailey v. Ameriquest Mortg. Co.*, 346 F.3d 821, 823 (8th Cir. 2003). "When an agreement to arbitrate encompasses statutory claims, the arbitrator has the authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in the agreement that would otherwise apply. *Id.*

Mya Hill-Smith entered into separate but substantially similar agreements with Silver Dollar Cabaret and Platinum Cabaret on October 2, 2017. The agreements Hill-Smith signed included an arbitration provision at Section 17. The Court's first task is to determine if the arbitration provision is enforceable. Hill-Smith does not argue that she entered into the contract with these Defendants as a result of fraud or duress. Hill-Smith's only argument is that enforcement of the arbitration agreement with these Defendants would be unconscionable because it imposes a six-month statute of limitations that is inconsistent with the traditional two-year statute of limitations period imposed by the FLSA. However, the Eighth Circuit has made clear that this inconsistency alone fails to render an arbitration clause unenforceable. The arbitrator will ultimately determine the appropriate statute of limitations in effecting the statutory rights founding the basis of Plaintiff's claims.

Because the agreement is enforceable, the Court should next determine whether the unpaid

wage dispute falls within the terms of the arbitration provision. Arbitration provisions are construed liberally, resolving doubts in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-25 (1983). The Court is to use ordinary contract principles in analyzing and construing the parties' lease agreement and its arbitration provision. *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 763 (2018). Ordinary contract interpretation principles are defined by state law in arbitration disputes. *See Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 834 (8th Cir. 1997) (noting ordinary contract principles in arbitration dispute are determined by Missouri contract law). Under Arkansas law, the Court "should consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning," when construing terms in a contract. *Nunnenman v. Estate of Grubbs*, 374 S.W.3d 75, 78 (Ark. Ct. App. 2010). Furthermore, "the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement." *Id.* A provision of a contract should not be construed in a way that deprives meaning from other provisions, if there is a reasonable interpretation that gives effect to all provisions. *North v. Philiber*, 602 S.W.2d 643, 645 (Ark. 1980). Arbitration agreements containing class waivers are enforceable in FLSA cases. *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013). Thus, FLSA plaintiffs may be required by a binding arbitration agreement to proceed individually. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1626 (2018).

The agreements are clear that unpaid wage disputes under the FLSA and the Arkansas Minimum Wage Act must be arbitrated. The agreements state that claims to be arbitrated "include, but are not limited to, claims for wages or other compensation . . . including but not limited to the Fair Labor Standards Act of 1938, as amended, or the Arkansas Minimum Wage Act." Thus, it is clear that the plain language and the intent of the parties dictate that Hill-Smith's FLSA and

4

Arkansas Minimum Wage Act claims are covered by the agreements' arbitration provision. Therefore, arbitration is required. Furthermore, Hill-Smith has waived her right to bring a collective action on behalf of similarly situated parties. Consequently, Hill-Smith must proceed individually in arbitration proceedings against these Defendants and her motion (Doc. 8) to certify a collective action is DENIED at this time.

Finally, Defendant asks that this Court dismiss the case, after determining that arbitration is appropriate. Section 3 of the Federal Arbitration Act requires that once a court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [it] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, a court may, in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved through arbitration. *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

Here, Plaintiff's claims against Silver Dollar and Platinum fall squarely within the arbitration agreement and the entire controversy before the Court will be resolved by the arbitrator. Thus, the Court, in its discretion, will dismiss the case.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 16) to compel arbitration and dismiss is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 8) to certify a collective action is DENIED. Judgment will be entered accordingly.

IT IS SO ORDERED this 13th day of December, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE